# EXHIBIT A

MICHAEL NORIEGA, ESQ.
ID#019022002
BRAMNICK, RODRIGUEZ, GRABAS,
ARNOLD & MANGAN, LLC
1827 East Second Street
Scotch Plains, New Jersey 07076
(908) 322-7000
Facsimile: (908) 322-6997
Attorneys for Plaintiff

| | |
|---|---|
| ROSA CUZCO, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: UNION COUNTY |
| Plaintiff, | DOCKET NO.: UNN-L- |
| | |
| v. | Civil Action |
| | |
| WAL-MART STORES, INC., | |
| JOHN DOES 1-10 (said names | |
| being fictitious) and XYZ | **COMPLAINT, JURY DEMAND,** |
| CORPORATIONS 1-10 (said names | **DEMAND FOR PRODUCTION OF** |
| being fictitious), | **DOCUMENTS AND DEMAND FOR** |
| | **ANSWERS TO INTERROGATORIES** |
| Defendants. | |

Plaintiff, Rosa Cuzco, residing at 406 Grant Avenue, City of Plainfield, County of Union, and State of New Jersey, by way of Complaint against defendants, Wal-Mart Stores, Inc., John Does 1-10 (said names being fictitious) and XYZ Corporations 1-10 (said names being fictitious) says:

## FIRST COUNT

1.  On or about September 8, 2016, plaintiff, Rosa Cuzco, was legally and lawfully on the premises owned, operated, maintained, repaired, controlled and/or supervised by defendant, Wal-Mart Stores, Inc., which premises are located at 1501 U.S. Highway 22, Borough of Watchung, County of Somerset, and State of New Jersey.

2. Defendant, Wal-Mart, Inc., did fail to properly own, operate, maintain, control, repair and/or supervise the subject premises.

3. As a direct and proximate result of the negligence of the defendant as aforesaid, plaintiff was caused to fall and suffer injuries, has suffered and will in the future suffer much pain in mind and body, has incurred and will in the future incur expenses for medical care and treatment, has suffered and will in the future suffer economic loss, was unable and will in the future be unable to attend to her usual and customary activities and was caused to suffer permanent injury.

**WHEREFORE,** plaintiff, Rosa Cuzco, demands judgment against the defendant, Wal-Mart, Inc., for damages together with interest, counsel fees and costs of suit.

## SECOND COUNT

1. Plaintiff repeats and reiterates the allegations contained in the First Count of the Complaint as if set forth more fully at length herein.

2. At all times relevant hereto, there may have been unidentified persons or entities responsible for the ownership, operation, supervision, control, maintenance and/or repair of defendant's property. These parties have been designated in the caption of the Complaint as John Does 1-10 (said names being fictitious) and XYZ Corporations 1-10 (said names being fictitious).

3. Plaintiff reserves the right to amend the Complaint to join these potentially culpable parties if discovery should reveal that said parties are in any way responsible for the injuries sustained by plaintiff.

**WHEREFORE,** plaintiff, Rosa Cuzco, demands judgment against the defendants, John Does 1-10 (said names being fictitious) and XYZ Corporations 1-10 (said names being fictitious) for damages together with interest, counsel fees and costs of suit.

### DESIGNATION OF TRIAL COUNSEL

Michael Noriega, Esq., is hereby designated as trial counsel pursuant to Court Rule 4:5-1.

### JURY DEMAND

Plaintiff herein demands trial by jury as to all issues so triable.

BRAMNICK, RODRIGUEZ, GRABAS,
ARNOLD & MANGAN, L.L.C.
Attorneys for Plaintiff,

Dated: August 23, 2017

MICHAEL NORIEGA, ESQ.

### DEMAND FOR INSURANCE INFORMATION

Plaintiff hereby demands that defendants set forth the name of any insurance carrier providing coverage for plaintiff's injuries, the policy number and the extent of liability limits.

### DEMAND FOR PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE** that pursuant to Rule 4:18-1, plaintiff hereby demands that the defendants produce the following documentation within thirty (30) days as prescribed by the Rule of Court. Additionally, please be advised that the following requests are ongoing and

continuing in nature and the defendants are therefore required to continuously update their responses thereto as new information or documentation comes into evidence.

1. The amounts of any and all insurance coverage covering the defendants including but not limited to primary insurance policies, secondary insurance policies and/or umbrella insurance policies. For each policy of insurance, supply a copy of the declaration page therefrom.

2. Copies of any and all documentation or reports, including but not limited to police reports, accident reports and/or incident reports concerning the happening of the incident in question or any subsequent investigation of same.

3. Copies or duplications of any an all photographs, motion pictures, videotapes, films, drawings, diagrams, sketches or other reproductions, descriptions or accounts concerning the individuals involved in the incident in question, the property damage sustained, the accident scene, or anything else relevant to the incident in question.

4. Copies of any and all signed or unsigned statements, documents, communications, and/or transmissions, whether in writing, made orally or otherwise recorded by any mechanical or electronic means, made by any party to this action, any witness, or any other individual, business, corporation, investigative authority or other entity concerning anything relevant to the incident in question.

5. Copies of any and all documentation, including but not limited to any contracts between the owner of the property or product involved in the incident in question and any of the parties involved in this matter.

6. Copies of any and all documentation, including but not limited safety manuals, statutes, rules, regulations, books, and/or industry standards which refer to, reflect or otherwise related to the incident in question or any potential defense to the action in question.

7. Copies of any and all discovery received from any other parties to the action in question.

8. Copies of all CIB searches and/or any other records demonstrating prior insurance claims submitted by the plaintiff for any matter, including workers' compensation claims, personal injury claims, property damage claims or any other claims for medical treatment or bodily or any and all other insurance claims.

9. Copies of any and all medical information and/or documentation concerning the plaintiff in this matter whether it concerns any medical condition or treatment which took place before, during or after the time of the incident in question.

10. Copies of any and all records of any type subpoenaed by the defendants or received from any other source concerning the plaintiff or the incident in question.

11. Any and all videotapes or moving pictures made of plaintiff and/or the subject matter of this accident.

12. Please be advised that the plaintiff hereby objects to the taking of any photographs, x-rays or other reproductions concerning the plaintiff or the plaintiff's injuries at the time of defense examination.

13. The entire file maintained by experts whom plaintiff intends to call at trial, including but not limited to any notes or draft reports, billing statements, x-ray films and/or other studies.

14. Set forth the name, publisher, date of publication and page reference of each test, article standard, manual, policy, procedure, directive book or writing of any kind which your experts relied upon in any way in formulating their opinion in this matter.

15. A copy of any and all statements provided by defendant concerning this accident. This includes copies of any and all statements, whether verbal, written or otherwise, provided to defendant's insurance company or any adjuster acting on behalf of that insurance company, or to any other party. This request is made pursuant to <u>Pfender v. Torres</u>, 336 N.J. Super. 379 (App.Div. 2001).

16. A copy of defendant's cell phone records from the date of the accident, defendant's cell phone number and cell phone service provider as of the date of this accident.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Plaintiff hereby demands that defendants answer Form C and C (1) Interrogatories within the time prescribed by the Court Rules.

## CERTIFICATION

Pursuant to R. 4:15-1, I hereby certify that the matter in controversy is not the subject of any other pending or contemplated action or arbitration proceeding. This party is not aware of any other parties who should be joined in this action at this time.

BRAMNICK, RODRIGUEZ, GRABAS,
ARNOLD & MANGAN, L.L.C.
Attorneys for Plaintiff,

MICHAEL NORIEGA, ESQ.

Dated: August 23, 2017

# Civil Case Information Statement

**Case Details: UNION | Civil Part Docket# L-003087-17**

**Case Caption:** CUZCO ROSA  VS WAL-MART STORES, INC .
**Case Initiation Date:** 08/24/2017
**Attorney Name:** MICHAEL NORIEGA
**Firm Name:** BRAMNICK RODRIGUEZ GRABAS ARNOLD & MANGAN LLC
**Address:** 1827 E SECOND ST
SCOTCH PLAINS NJ 07076
**Phone:**
**Name of Party:** PLAINTIFF : Cuzco, Rosa
**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

08/24/2017
Dated

/s/ MICHAEL NORIEGA
Signed